[Docket Nos. 1, 3]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EUGENE T. SIMPSON II,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>ADRIENNE ADELE SIMPSON,<br><br>　　　　　Defendant | CIV. NO. 25-13349 (RMB-EAP)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the filing of an application to proceed *in forma pauperis* ("IFP"), [Docket No. 1-1], and a Motion to Appoint Pro Bono Counsel, [Docket No. 3], by *pro se* Plaintiff Eugene T. Simpson II ("Plaintiff"). For the reasons set forth below, the Court **DISMISSES** Plaintiff's Complaint **without prejudice** due to a lack of subject matter jurisdiction.

Plaintiff, a convicted and sentenced state prisoner confined in South Woods State Prison in Bridgeton, New Jersey, filed this *pro se* probate matter without paying the $350 filing fee and $55 administrative fee for a civil action and without submitting a properly completed application to proceed IFP under 28 U.S.C. § 1915(a).

28 U.S.C. § 1915(a)(2) provides, in relevant part (emphasis added):

> A prisoner seeking to bring a civil action . . . shall submit **a certified copy** of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, **obtained from the appropriate official of each prison at which the prisoner is or was confined.**

Plaintiff's trust account statement is not certified by the appropriate prison official and is therefore incomplete. [Docket No. 1-2.]

Moreover, the Court "has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). Plaintiff alleges that Defendant Adrienne Adele Simpson, Plaintiff's sister and the executor of their father's estate, "[h]as avoided all attempts to [close out their] father's estate" and distribute estate assets. [Docket No. 1 ("Compl.") at 3-4.] Federal courts are precluded "from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 312 (2006); *see also Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226-27 (3d Cir. 2008). As adjudicating Plaintiff's claims would require this Court to interfere with the administration of an estate and the disposition of estate property, the Court concludes it lacks subject matter jurisdiction. *Id.* Plaintiff may pursue any such claims in New Jersey Superior Court in accordance with New Jersey law and any applicable statute of limitations. Therefore, for the foregoing reasons,

**IT IS** on this **4th** day of **February, 2026**,

1. **ORDERED** that Plaintiff's Complaint, [Docket No. 1], is **DISMISSED WITHOUT PREJUDICE**; and it is further

2. **ORDERED** that Plaintiff's application to proceed *in forma pauperis*, [Docket No. 1-1], is **DENIED WITHOUT PREJUDICE**; and it is further

3. **ORDERED** that Plaintiff's Motion to Appoint Pro Bono Counsel, [Docket No. 3], is **DENIED WITHOUT PREJUDICE**; and it is further

4. **ORDERED** that the Clerk of the Court shall **CLOSE** this action; and it is further

5. **ORDERED** that if Plaintiff believes he can cure the jurisdictional defects identified in this Order, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's request to reopen this matter shall include an amended Complaint establishing proper subject matter jurisdiction and either (1) a properly completed IFP application including a certified copy of his inmate trust account; or (2) the $405 filing fee.  Upon timely receipt of the above, this Court will direct the Clerk of the Court to reopen this matter; and it is finally

6. **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>  
**RENÉE MARIE BUMB**  
**Chief United States District Judge**